SEIJI TSUTSUMI, YUJI TSUTSUMI, TADASHI KOJIMA, and NANAE MITSUMOTO, Plaintiffs-Appellants,
v.
HAWAII PRINCE HOTEL WAIKIKI CORP., a Hawaii corporation; HAPUNA BEACH PRINCE HOTEL CORP., a Hawaii corporation; MAUNA KEA BEACH HOTEL CORP., a Hawaii corporation; MAKENA GOLF CORP., a Hawaii corporation; MAUNA KEA DEVELOPMENT CORP., a Hawaii corporation; PRINCE RESORTS HAWAII, INC., a Hawaii corporation; MAKENA KAI CORP., a Hawaii corporation; MAUI PRINCE HOTEL LLC, a Hawaii limited liability company; AINA KAMALII CORPORATION, a Hawaii corporation; AKEMI KUROKAWA, in his capacity as president and director of Defendant Hawaii Prince Hotel Waikiki Corp., Defendant Hapuna Beach Prince Hotel Corp., and Defendant Mauna Kea Beach Hotel Corp.; JUN KOBAYASHI, in his capacity as a director of Defendant Aina Kamalii Corporation, Defendant Mauna Kea Development Corp., and Defendant Makena Golf Corp.; YOICHI ASARI, in his capacity as a director of Defendant Aina Kamalii Corporation and Defendant Mauna Kea Development Corp.; KIYOTO KAWAKAMI, in his capacity as director of Defendant Aina Kamalii Corporation, Defendant Mauna Kea Development Corp., and Defendant Makena Golf Corp.; YOSHINORI MASUDA, in his capacity as a director of Defendant Hawaii Prince Hotel Waikiki Corp., Defendant Hapuna Beach Prince Hotel Corp., and Defendant Mauna Kea Beach Hotel Corp.; DONN TAKAHASHI, in his capacity as president and a director of Defendant Prince Resorts Hawaii, Inc.; STEVEN SHIMABUKURO, in his capacity as a director of Defendant Prince Resorts Hawaii, Inc.; BERT KOBAYASHI, JR., in his capacity as president, vice-president, secretary, treasurer, and director of Defendant Makena Kai Corp., Defendants-Appellees and JOHN DOES 1-10, Defendants
No. 27796
Intermediate Court of Appeals of Hawaii.
November 14, 2008.
On the briefs:
C. Michael Heihre, Kelly G. LaPorte, Keala C. Ede, and Neill T. Tseng, (Cades Schutte), for Plaintiffs-Appellants.
A. Bernard Bays, Bruce D. Voss, and Michael C. Carroll, (Bays, Deaver, Lung, Rose & Baba), for Defendants-Appellees.

SUMMARY DISPOSITION ORDER
FOLEY, PRESIDING Judge, NAKAMURA and FUJISE, JJ.
Plaintiffs-Appellants Seiji Tsutsumi, Yuji Tsutsumi, Tadashi Kojima, and Nanae Mitsumoto (collectively, Plaintiffs) appeal from the February 21, 2006 Final Judgment of the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendants-Appellees Hawaii Prince Hotel Waikiki Corp., Hapuna Beach Prince Hotel Corp., Mauna Kea Beach Hotel Corp., Makena Golf Corp., Mauna Kea Development Corp., Prince Resorts Hawaii, Inc., Makena Kai Corp., Maui Prince Hotel LLC, Aina Kamalii Corporation (collectively, Corporate Defendants), and Akemi Kurokawa, Jun Kobayashi, Yoichi Asari, Kiyoto Kawakamai, Yoshinori Masuda, Donn Takahashi, Steven Shimabukuro, and Bert Kobayashi, Jr. (collectively, Director Defendants) (collectively, Defendants).
Plaintiffs argue that the circuit court erred in granting Defendants' motion to dismiss and entering final judgment in favor of Defendants and against Plaintiffs based on the following conclusions made by the circuit court:
1. Plaintiffs lack standing to bring their claims since they are not shareholders of [Corporate Defendants];
2. Plaintiffs' claims are not ripe because Japanese courts have not yet decided whether Plaintiffs have any majority interest in K.K. Kokudo or Seibu Railway Co.; and
3. There is no statutory or case law basis holding that a corporation has a duty to investigate who owns the shares of a parent company when there is an ongoing dispute that is being litigated about the ownership of the shares of a parent company[.]
After a careful review of the issues raised, arguments advanced, applicable law, and the record in the instant case, we resolve Plaintiffs' points of error on appeal as follows:
1. The circuit court did not err in finding a lack of standing. "Standing is concerned with whether the parties have the right to bring suit." Sierra Club v. Dep't of Transp., 115 Hawai`i 299, 311, 167 P.3d 292, 318 (2007) (citation omitted).
Plaintiffs do not claim to hold stock in Corporate Defendants. Instead, Plaintiffs rest their claim of standing on their alleged status as controlling shareholders of Corporate Defendants' parent corporations, K.K. Kokudo (Kokudo) and Seibu Railway (Seibu), which they maintain must be accepted as true for purposes of Defendants' Motion.
It is true that, in reviewing a motion to dismiss, allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. Bremner v. City & County of Honolulu, 96 Hawai`i 134, 138, 28 P.3d 350, 354 (App. 2001). "Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. However, an alleged fact need not be taken as true if contradicted by other facts alleged in the complaint or contained in documents attached to the complaint. See Kelley ex rel. State of Mich. v. Kysor Indus. Corp., 826 F. Supp. 1089, 1094 (W.D. Mich. 1993) ("[c]onclusory allegations are not acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves"); Honess 52 Corp. v. Town of Fishkill, 1 F.Supp.2d 294, 300 (S.D.N.Y. 1998) ("if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint").
Plaintiffs' complaint contains competing allegations regarding their shareholder status. While they claim that they are majority shareholders in Kokudo, which in turn holds a majority interest in Seibu, they also state that, (1) the Tokyo High Court could not conclusively determine whether the Title Stock constituted 81% of Kokudo, (2) they are appealing the Tokyo District Court's ruling that the written agreement to give away the Inherited Stock to a school was valid, and (3) they are seeking to establish their legal ownership in Kokudo. Thus, by their own admissions, their legal ownership of the parent corporations is in doubt.
However, even assuming Plaintiffs own a controlling interest in Defendants' parent corporation, Plaintiffs have not shown that this interest is sufficient, as a legal matter, to establish their standing to sue Defendants. The kinds of relief sought by Plaintiffs are available only to shareholders of the Corporate Defendants, if at all.[2] By statute,[3] the directors of a corporation may sell all, or substantially all, of the corporate assets, in its regular course of business, without the approval of shareholders. HRS § 414-331 (2004). Even if not within the usual and regular course of business, sale of all, or substantially all, of the corporate assets requires the approval of shareholders entitled to vote. HRS § 414-332 (2004). Again, Plaintiffs are not part of this class.
2. The circuit court did not err in finding a lack of ripeness. "[R]ipeness is peculiarly a question of timing, and a ruling that an issue is not ripe ordinarily indicates the court has concluded a later decision may be more apt or that the matter is not yet appropriate for adjudication." Office of Hawaiian Affairs v. Housing & Cmty. Dev. Corp., 117 Hawai`i 174, 207, 177 P.3d 884, 917 (2008) (internal quotation marks and citation omitted).
Plaintiffs' ownership interests in Kokudo and/or Seibu are matters already pending before the Japanese courts. Hawaii courts abide by the principle of judicial comity, which is defined as "the principle that courts of one state or jurisdiction will give effect to the laws and judicial decisions of another state or jurisdiction out of deference and mutual respect." Metcalf v. Voluntary Employees' Benefit Ass'n of Hawaii, 99 Hawai`i 53, 58, 52 P.3d 823, 828 (2002) (internal quotation marks and citations omitted). As elucidated in both sides' pleadings, there are pre-existing lawsuits in Japanese courts pertaining to Plaintiffs' alleged shareholder status that involve complex facets of Japanese law, including corporations law, criminal law, and estates law.
Moreover, because Plaintiffs concede that the Japanese courts are still litigating their claim, which may continue for some time, Plaintiffs do not yet have a concrete interest sufficient to grant declaratory relief, and the court is permitted, if not required, to decline to decide this matter until it is suitable for adjudication. See HRS § 632-1 (1993).
3. The circuit court did not err in finding a lack of fiduciary duty. Plaintiffs concede that their shareholder status is still being litigated in Japan. Even assuming Plaintiffs' ownership interest in Corporate Defendants' parent, the Hawaii Business Corporations Act (HBCA) is silent as to rights and duties owed to shareholders of a parent corporation, and the common law does not uniformly establish such rights and duties, assuming it still applies after the enactment of the HBCA.
Irrespective of Plaintiffs' shareholder status, the duty owed by the Director Defendants is not to shareholders in their capacity as shareholders, but to the corporation. The HBCA sets out the obligations of directors and officers of Hawai`i corporations. A director's duties are provided in HRS § 414-221 which states, in relevant part:
General standards for directors. (a) A director shall discharge the director's duties as a director, including the director's duties as a member of a committee:
(1) In good faith;
(2) With the care an ordinarily prudent person in a like position would exercise under similar circumstances; and
(3) In a manner the director reasonably believes to be in the best interests of the corporation.
(Emphasis added.) An officer's duties are similarly defined in HRS § 414-233. Plantiffs provide no case law in discord with these HBCA provisions.
Thus, contrary to Plaintiffs' argument, Director Defendants did not owe a duty to Plaintiffs individually, even if Plaintiffs were shareholders of Corporate Defendants.
Finally, Plaintiffs cite no authority for their proposition that Director Defendants owed them a duty to investigate and correctly identify the "true controlling shareholders of the parent corporations" Kokudo and Seibu.
Therefore, The Circuit Court of the First Circuit's February 21, 2006 Final Judgment is affirmed.
NOTES
[1] The Honorable Victoria S. Marks presided.
[2] See generally Hawaii Revised Statutes (HRS) §§ 414-44 and 470 (2004).
[3] Plaintiffs do not claim that Corporate Defendants' articles of incorporation contain any contrary provisions.